**Robert B. Miller, OSB No. 960068**
bobmiller@kilmerlaw.com
KILMER, VOORHEES & LAURICK, P.C.
732 N.W. 19th Avenue
Portland, Oregon 97209-1302
Telephone: (503) 224-0055
Fax: (503) 222-5290

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON
PORTLAND DIVISION

| | |
|---|---|
| BOARD OF TRUSTEES OF THE WESTERN STATES OFFICE AND PROFESSIONAL EMPLOYEES PENSION FUND,<br><br>Plaintiff,<br><br>vs.<br><br>INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS LOCAL 483,<br><br>Defendant. | Case No.<br><br>**COMPLAINT TO VACATE ARBITRATOR'S AWARD ON WITHDRAWAL LIABILITY**<br><br>**(Pursuant to 29 U.S.C. § 1001 *et seq.*)** |

Plaintiff The Board of Trustees of the Western States Office and Professional Employees Pension Fund (the "Pension Fund") files this action against Defendant International Brotherhood of Electrical Workers Local 483 (the "Employer") to vacate the Arbitrator's Final Award dated January 6, 2020 ("Award"), attached as Exhibit A, and alleges as follows:

1.  On August 23, 2018, the Pension Fund sent the Employer a Notice of Withdrawal Liability Assessment. The Employer admitted that it owed withdrawal liability, commenced timely payments in the amount stated in the assessment, but contended that the Pension Fund calculated the withdrawal liability payments under the assessment in error and initiated a timely demand for arbitration. On January 6, 2020, the Arbitrator issued his Award, directing the Pension Fund to recalculate the Employer's withdrawal liability payments. The Pension Fund

Page 1 –   COMPLAINT TO VACATE ARBITRATOR'S AWARD
ON WITHDRAWAL LIABILITY

KILMER VOORHEES & LAURICK, P.C.
A PROFESSIONAL CORPORATION
732 N.W. 19TH AVENUE
PORTLAND, OREGON  97209-1302
(503) 224-0055 · FAX (503) 222-5290

contends that the Arbitrator erred in applying the law governing the computation of the Employer's withdrawal liability payments and files this action to vacate the Award.

## JURISDICTION

2. This Court has jurisdiction pursuant to 29 U.S.C. § 1401(b)(2), § 1451(a)(1) and § 1451(c) because this is a civil action by plan fiduciaries for appropriate legal relief and, more specifically, an action for an Order vacating an award in Arbitration under the Multiemployer Pension Plan Amendment Act ("MPPAA"), a section of the Employee Retirement Income Security Act ("ERISA").

## VENUE

3. Venue is proper in this Court pursuant to 29 U.S.C. § 1451(d) because the plan is administered in Portland, Oregon.

## ALLEGATIONS OF FACT

4. The Pension Fund is a multiemployer pension fund maintained and administered to provide retirement benefits to qualified labor employees. The Pension Fund is established and maintained pursuant to ERISA.

5. Effective January 1, 2008, the Employer entered into a collective bargaining agreement ("CBA") with the Office and Professional Employees International Union Local 23 (the "Union").

6. The CBA obligated the Employer to make contributions to the Pension Fund at a specified rate for each compensable hour worked by the Employer's employees.

7. In 2009, the Pension Plan notified all participating employers, including the Employer here, that the Pension Fund was in critical status, that each participating employer was obligated to pay a statutory surcharge under the Pension Protection Act of 2006 (the "PPA"), and that the Pension Fund had adopted a rehabilitation plan.

Page 2 –   COMPLAINT TO VACATE ARBITRATOR'S AWARD
            ON WITHDRAWAL LIABILITY

KILMER VOORHEES & LAURICK, P.C.
A PROFESSIONAL CORPORATION
732 N.W. 19TH AVENUE
PORTLAND, OREGON 97209-1302
(503) 224-0055 · FAX (503) 222-5290

8. The Pension Plan fell into critical status in 2009 and adopted a rehabilitation plan. The Employer did not agree to the contribution schedule in the rehabilitation plan and, instead, continued to pay the surcharge.

9. The Employer withdrew from the Pension Fund in 2016.

10. The Pension Fund served the Employer with the Notice of Assessment of Withdrawal Liability and included the schedule of payments required under ERISA, and those payments were calculated using the highest contribution rate at which the Employer had an obligation to contribute under the plan pursuant to 29 U.S.C. § 1399(c)(1)(C)(i).

11. The Employer elected to enter into collective bargaining agreements with its employees Union in and after 2010.

12. In those collective bargaining agreements, the Employer agreed to make supplemental contributions in order to contribute at a rate consistent with those published by the Pension Fund in furtherance of the rehabilitation plan.

13. In 2014 Congress passed the Multiemployer Pension Reform Act, which provided, in pertinent part, that supplemental contribution rates for plan years beginning after December 31, 2014 were excluded from the highest contribution rate for the purpose of computing withdrawal liability payments under 29 U.S.C. § 1399(c)(1)(C)(i).

14. The Fund computed the Employer's withdrawal liability payment based on the contribution rate agreed to in the collective bargaining agreement between the Employer and its employees' Union for the 2013 plan year.

15. The Arbitrator concluded, in error, that the Fund erred in including the pre-MPRA supplemental contributions in computing the Employer's withdrawal liability payment.

16. The Arbitrator's Award is unprecedented.  No court and no arbitrator has held that a pre-MPRA supplemental contribution can be excluded from the computation of an employer's withdrawal liability payment.  Exhibits B and C, attached to this Complaint, are Arbitration Awards issued after the Award under review here in January 2020.  The Arbitrator decided the

Page 3 –   COMPLAINT TO VACATE ARBITRATOR'S AWARD
           ON WITHDRAWAL LIABILITY

KILMER VOORHEES & LAURICK, P.C.
A PROFESSIONAL CORPORATION
732 N.W. 19TH AVENUE
PORTLAND, OREGON  97209-1302
(503) 224-0055 · FAX (503) 222-5290

same legal question raised by the Employer here and the Arbitrator in each issued awards that directly contradict, and expressly disagree with, the Arbitrator's Award in this matter.

**CLAIM FOR RELIEF**

17. The Arbitrator erred in construing ERISA § 4219(c)(1)(C)(i), 29 U.S.C. § 1399(c)(1)(C)(i), to conclude that that the pre-MPRA supplemental contributions could not be included in the computation of the statutory withdrawal liability payments as a matter of law.

18. The Court reviews the Arbitrator's conclusions of law in a proceeding under 29 U.S.C. § 1401(b)(2) under the *de novo* standard of review. *Trustees of Amalgamated Ins. Fund v. Geltman Indus., Inc.*, 784 F.2d 926, 928–29 (9th Cir. 1986).

19. The Pension Fund is entitled to judgment vacating the Arbitrator's Award.

**PRAYER**

WHEREFORE, the Pension Fund respectfully requests that this Court vacate the Arbitrator's January 6, 2020 Award, followed by a determination on the Pension Fund's petition for attorney fees to be submitted following a decision on the merits.

DATED this 28th day of January, 2020.

KILMER VOORHEES & LAURICK, P.C.

    */s/ Robert B. Miller*
Robert B. Miller, OSB No. 960068
bobmiller@kilmerlaw.com
Attorneys for Plaintiff

I:\10332\0009\Pleadings\Complaint to Vacate Arb Award 2020-0128.docx

Page 4 –   COMPLAINT TO VACATE ARBITRATOR'S AWARD
              ON WITHDRAWAL LIABILITY

KILMER VOORHEES & LAURICK, P.C.
A PROFESSIONAL CORPORATION
732 N.W. 19TH AVENUE
PORTLAND, OREGON  97209-1302
(503) 224-0055 · FAX (503) 222-5290